

*U.S. Department of Justice*

*United States Attorney*
*Northern District of California*

*1301 Clay Street, Suite 340S*           *(510) 637-3680*
*Oakland, California 94612*           *FAX:(510) 637-3724*

April 11, 2011

Honorable D. Lowell Jensen
United States District Court Judge
Northern District of California
1301 Clay Street
Oakland, CA 94612

      Re: <u>United States v. Mehrdad Hakimian</u>, CR-09-00021 DLJ

Dear Judge Jensen:

      The United States opposes defendant's untimely request to amend paragraph 95 of the presentence report ("PRS"). The motivation for the defendant's proposed change is to establish that he had a prior significant alcohol dependence which makes him eligible to participate in a Bureau of Prisons Residential Drug Abuse Treatment Program (RDAP), a program that if successfully completed, could reduce the defendant's 42- month sentence by 12 months.

      Based upon the defendant's in custody, December 2010 representation to Mr. Osterhoudt that the defendant suffered from alcohol dependency but failed to inform the probation officer, and supported by two letters, the defendant seeks to delete the language in paragraph 95 which reads: "The defendant reported he consumes wine casually over dinner during the weekends, but does not overindulge. He has no reported drug use, and has never participated in substance abuse treatment." PSR at para. 95. In lieu of this language, the defendant recommends the following: "The defendant reports suffering from alcohol abuse and dependence for some period prior to his prosecution for the instant offense." The defendant's request should be denied because: (1) the request is untimely; (2) the Court has no authority to make a substance change to the PSR several months after sentencing; and (3) the Bureau of Prisons ("BOP") currently is in the best position to determine whether the defendant should be accepted into RDAP.

      Defendant Hakimian was sentenced to 42 months in prison on July 10, 2010 following his guilty pleas and convictions on charges of fraud, immigration violations, and obstruction of justice. Probation Officer Aaron Tam was assigned to write the PSR. In preparing his report, Officer Tam interviewed the defendant who responded to a variety of questions, including his use of drugs and alcohol. The defendant's response to this question was accurately reflected in paragraph 95 of the PSR. The defendant failed to object to the language in paragraph 95 when provided a copy of the draft PSR and later failed to object at his sentencing on July 2, 2010. The defendant began his period of incarceration on September 30, 2010 at Lompoc Federal Prison.

      .

The defendant has failed to establish that the Court now has the authority to grant the defendant's request to make factual changes to the PSR.  Rule 32(f) of the Federal Rules of Criminal Procedure, cited by the defendant, initially  provides the defendant 14 days after receiving the PSR to note objections in writing.  Additionally, at sentencing, the defendant - or government - for good cause,  may make a new objection. Fed. R. Crim. Pro. 32(i)(1)(D).  The defendant's failure to make timely objections precludes the Court from considering his belated objection.

The defendant also wrongly relies on Fed.R Crim. Pro. 36 as authority for the Court to amend the PSR.  Rule 36, entitled "Clerical Error," states in plain language: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgement, order, or other part of the record, or correct an error in the record arising from oversight or omission."   The defendant's attempt to revise the facts in paragraph 95 is not a request to correct a clerical error. Thus, Rule 36 is inapplicable.

Had the defendant timely reported that he abused alcohol, Officer Tam could have fully investigated the accuracy of the information and the extent of the dependency, if any, and incorporated that information in the PSR for the benefit of the parties, the Court, and the BOP. Without the benefit of such an investigation, the Court is asked to ignore defendant's earlier contention that he had no alcohol dependency and accept his recent claim of alcohol dependency when motivated by the chance for a twelve-month reduction of his prison term.

There is no authority for the Court to make the requested factual change, and there is no need for the Court to do so.  The BOP is capable of providing the defendant with substance abuse treatments that do not require the Court to amend the PSR.  If the defendant truly requires treatment for his alcohol dependency, he may pursue avenues provided through the BOP.  The options provided by the BOP would also facilitate the defendant's transition back into the community, a concern raised by his attorney.  Two options available to the defendant, beside RDAP, are drug abuse education and nonresidential drug abuse treatment.  Drug abuse education not only provides basic education regarding substance abuse and its effects, but also identifies inmates who require further programming and treatment.  The BOP also offers a 12-week nonresidential drug abuse treatment program for inmates who do not meet the criteria for RDAP. Both treatments address defendant's claimed alcohol abuse and will facilitate his reentry into the community.

The Court need not amend paragraph 95 of the PSR for the defendant to qualify for RDAP, or and any other alcohol abuse treatment program offered by the BOP.  In evaluating the defendant's alcohol dependency and need for treatment, the BOP should consider all relevant facts, including the defendant's initial denial of any alcohol or drug abuse when interviewed by the probation department prior to his sentencing.

      For the reasons stated, the government opposes the defendant's request to amend paragraph 95 of the PSR.

                                              Very truly yours,

                                              MELINDA HAAG
                                              United States Attorney

                                                  /s/

                                            _____
                                            STEPHEN G. CORRIGAN
                                            Assistant United States Attorney