United States of America, )
                          Plaintiff, )
     v. )    No. CR-09-0021 DLJ
MEHRDAD HAKIMIAN )    ORDER
                         Defendant. )
_____)

As a result of defendant's guilty pleas in the visa fraud related counts and also his conviction after trial on the wire fraud counts, on July 2, 2010 this Court sentenced Mehrdad Hakimian (Hakimian) to the custody of the Bureau of Prisons for a period of 42 months. Prior to sentencing, defendant cooperated with the Probation Office in the preparation of a detailed Pre-Sentence Report ("PSR"). At the sentencing neither defendant nor his attorney requested that any changes be made to the PSR.

On March 30, 2011 counsel for Hakimian wrote to this Court requesting that the Court now order that an amendment be made to the PSR, paragraph 95. This paragraph relates to Hakimian's use of alcohol. Based on Hakimian's interview with the Probation Officer, the Officer had reported that Hakimian's alcohol use was casual and that he did not "overindulge." Hakimian would now like the report to be amended to indicate that "defendant reports having suffered from an alcohol abuse and dependence for some time prior to his prosecution on the instant offense." The desired effect of this change would be that with his amended language, the Bureau of Prisons might be inclined to permit defendant to participate in a Residential

Drug Abuse Treatment Program ("RDAP"), which participation could then reduce defendant's sentence by 12 months.

In support of his request, defendant attaches a letter from Dr. Ghannam, as well as a letter from his brother-in-law, Dr. Isa, who is a clinical psychologist. Dr. Ghannam has only met with defendant subsequent to his incarceration. Based on this meeting he states that he believes defendant had a diagnosis of Alcohol Abuse and Dependence in the year leading up to his arrest in 2007. Dr. Isa, states that he had witnessed the defendant abuse alcohol starting in December 2006. Defendant asserts that due to cultural constraints it had been difficult for him to acknowledge his struggle with alcohol and that this is the reason he did not discuss this matter with the Probation Officer during the preparation of the PSR.

The government has submitted a letter dated April 11, 2011 opposing defendant's request to amend paragraph 95 of the PSR. The government argues that the request is untimely; that the Court has no authority to make a substantive change to the PSR at this point; and that the Bureau of Prisons is in the best position to determine defendant's eligibility.

The Court concurs that at this point the Court is without authority to make the requested change. Moreover, the Probation Office did not have any opportunity to investigate and to report to the Court their assessment of defendant's history in the PSR.

Of Course, the Court leaves to the Bureau of Prisons, now with both the PSR in front of it as well as the letters from Drs. Ghannam and Isa, to determine the appropriateness of

including defendant in any alcohol dependency program including the RDAP program.

IT IS SO ORDERED.

Dated: April 21, 2011

_____
D. Lowell Jensen
United States District Judge