|   |   |   |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. CR-09-0021 DLJ |
| MEHRDAD HAKIMIAN | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

As a result of defendant's guilty pleas in the visa fraud related counts and also his conviction after trial on the wire fraud counts, on July 2, 2010 this Court sentenced Mehrdad Hakimian (Hakimian) to the custody of the Bureau of Prisons for a period of 42 months.  Prior to sentencing, defendant cooperated with the Probation Office in the preparation of a detailed Pre-Sentence Report ("PSR").  At the sentencing neither defendant nor his attorney requested that any changes be made to the PSR.

On March 30, 2011 counsel for Hakimian wrote to this Court requesting that the Court now order that an amendment be made to the PSR, paragraph 95.  This paragraph relates to Hakimian's use of alcohol.  Based on Hakimian's interview with the Probation Officer, the Officer had reported that Hakimian's alcohol use was casual and that he did not "overindulge." Hakimian would now like the report to be amended to indicate that "defendant reports having suffered from an alcohol abuse and dependence for some time prior to his prosecution on the instant offense."  The desired effect of this change would be that with his amended language, the Bureau of Prisons might be inclined to permit defendant to participate in a Residential

1   Drug Abuse Treatment Program ("RDAP"), which participation
2   could then reduce defendant's sentence by 12 months.
3      In support of his request, defendant attaches a letter from
4   Dr. Ghannam, as well as a letter from his brother-in-law, Dr.
5   Isa, who is a clinical psychologist.  Dr. Ghannam has only met
6   with defendant subsequent to his incarceration.  Based on this
7   meeting he states that he believes defendant had a diagnosis of
8   Alcohol Abuse and Dependence in the year leading up to his
9   arrest in 2007.  Dr. Isa, states that he had witnessed the
10  defendant abuse alcohol starting in December 2006.  Defendant
11  asserts that due to cultural constraints it had been difficult
12  for him to acknowledge his struggle with alcohol and that this
13  is the reason he did not discuss this matter with the Probation
14  Officer during the preparation of the PSR.
15       The government has submitted a letter dated April 11,
16  2011 opposing defendant's request to amend paragraph 95 of the
17  PSR. The government argues that the request is untimely; that
18  the Court has no authority to make a substantive change to the
19  PSR at this point; and that the Bureau of Prisons is in the
20  best position to determine defendant's eligibility.
21       The Court concurs that at this point the Court is
22  without authority to make the requested change.  Moreover, the
23  Probation Office did not have any opportunity to investigate
24  and to report to the Court their assessment of defendant's
25  history in the PSR.
26       Of Course, the Court leaves to the Bureau of Prisons,
27  now with both the PSR in front of it as well as the letters
28  from Drs. Ghannam and Isa, to determine the appropriateness of

2

1  including defendant in any alcohol dependency program including
2  the RDAP program.

IT IS SO ORDERED.

Dated: April 21, 2011

_____
D. Lowell Jensen
United States District Judge